# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-540V
Filed: December 2, 2025

| | |
|---|---|
| MARIA TORRES,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Joseph Alexander Vuckovich*, Mctlaw, Washington, DC, for petitioner.
*Dorian Hurley*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On April 11, 2019, petitioner, Maria Torres, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination she received on October 18, 2016. (*Id.*)

On June 3, 2025, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. (ECF No. 95.) On December 1, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $145,497.20, including $100,000.00 for pain and suffering, $630.89 for past unreimbursable expenses, and $44,866.31 for lost wages. (ECF No. 103.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $145,497.20, representing $100,000.00 for pain and suffering, $630.89 for past unreimbursable expenses, and $44,866.31 for lost wages, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIA TORRES,                    )<br>                                                 )<br>         Petitioner,               )<br>                                                 )         No. 19-540V<br>v.                                              )         Special Master Daniel Horner<br>                                                 )         ECF<br>SECRETARY OF HEALTH AND HUMAN )<br>SERVICES,                       )<br>                                                 )<br>         Respondent.              )<br>                                                 ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 11, 2019, Maria Torres ("petitioner")[1] filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, following receipt of an influenza ("flu") vaccine on October 18, 2016.  Petition at 1.  On May 25, 2021, Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report setting forth his position that this case is not appropriate for compensation.  ECF No. 44.  On March 20, 2023, respondent filed an amended Vaccine Rule 4(c) Report setting forth his continued position that this case is not appropriate for compensation.  ECF No. 72.  On April 29, 2024, petitioner filed a Motion for Findings of Fact and Conclusions of Law Regarding Entitlement.  ECF No. 84 ("Motion").  Respondent filed his Response to petitioner's Motion on July 12, 2024, recommending that entitlement to compensation be denied.  ECF No. 86 ("Response").

---

[1] The petition listed petitioner's name as Maria Pagonis.  *See* Petition at 1.  On November 1, 2022, petitioner moved to amend the case caption to reflect her married name, Maria Torres, and on November 2, 2022, the Court entered an order granting the motion to amend the case caption.  ECF Nos. 66 and 67.

Petitioner filed a Reply to respondent's Response on August 19, 2024. ECF No. 90. On June 3, 2025, the Special Master issued a ruling on entitlement, finding petitioner entitled to compensation.[2] ECF No. 95.

### I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$100,000.00** for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$630.89**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.    Lost wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$44,866.31**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's June 3, 2025 Ruling on Entitlement.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. The parties recommend that the compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$145,497.20**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Maria Torres.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7751
Email: Dorian.Hurley@usdoj.gov

DATED: December 1, 2025

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.